IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHADWICK DEWAYNE SMITH,       ) | |
|     Plaintiff,                                    ) | |
| vs.                                                            ) | No. 3:22-CV-2594-M-BH |
|                                                       ) | |
| FREEDOM CHEVROLET BUICK        ) | |
| GMC BY ED MORS,                            ) | |
|     Defendant.                                 ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

**I.  BACKGROUND**

On November 1, 2022, a filing entitled, "Notice of Director's Order to Deposit Funds into the Court Registry," was received from a *pro se* plaintiff. (*See* doc. 3.)  The filing appeared to relate to his purchase of a motor vehicle from the defendant. (*See id.*)  By *Notice of Deficiency and Order* dated November 21, 2022, he was notified that if he had intended to file a civil lawsuit, he had not complied with the requirement in Fed. R. Civ. P. 8(a) of a "short and plain statement of the claim showing that the pleader is entitled to relief." (*See* doc. 4.)  He was also notified that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP) for a civil action. (*See id.*) He was ordered to file an amended complaint that complied with Rule 8(a) and identified his claims against each defendant, and to either pay the filing fee or submit a fully completed and signed IFP application within fourteen (14) days. (*See id.*)  He was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*) Attached to the order were a copy of Rule 8 and an IFP application. (*See id.*)

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

More than fourteen days from the date of the notice of deficiency and order have passed, but the plaintiff has not filed an amended complaint and either paid the filing fee or submitted an IFP application, and he has not filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with an order to file an amended civil complaint, and to either pay the filing fee or submit a fully completed IFP application, despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case since his initial filing on November 17, 2022. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

## III. RECOMMENDATION

The plaintiff's case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he files an amended complaint and either pays the filing fee or files a fully completed IFP application within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 15th day of December, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE